IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
AUG 1 4 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| CAPITOL INDEMNITY CORPORATION, ) a Wisconsin corporation, ) ) Plaintiff, ) ) v. ) ) ELSTON SELF SERVICE WHOLESALE ) GROCERIES, INC., an Illinois ) corporation, LORILLARD TOBACCO ) COMPANY, a Delaware corporation, ) CANSTAR (U.S.A.) INC., a Florida ) corporation, CAM-KAT, INC., an ) Illinois corporation, MASHOUR "MIKE" ) DUKUM, IBRAHIM DUKUM, and ) DAVID DUKUM, ) ) Defendants. ) | Civil Action No.: 04-C-6536<br><br>Judge: Pallmeyer<br><br>Magistrate Judge: Levin |

## SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff CAPITOL INDEMNITY CORPORATION ("CAPITOL"), by its attorneys, Pfeiffer & Adams, pursuant to 28 U.S.C. §1332 and 28 U.S.C. §2201, and complains as follows of Defendants ELSTON SELF SERVICE WHOLESALE GROCERIES, INC., an Illinois corporation, ("ELSTON"), LORILLARD TOBACCO COMPANY, a Delaware corporation, ("LORILLARD"), CANSTAR (U.S.A.) INC., a Florida corporation, ("CANSTAR"), CAM-KAT, INC., an Illinois corporation, ("CAM-KAT"), MASHOUR "MIKE" DUKUM, IBRAHIM DUKUM, and DAVID DUKUM:

### THE PARTIES

1. Plaintiff CAPITOL is a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business in Madison, Wisconsin.

1

2. Defendant ELSTON is an Illinois corporation with a place of business at 3761 North Elston, Chicago, Illinois, at which it is also known as "Elston Self Service."

3. Defendant LORILLARD is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 714 Green Valley Road, Greensboro, North Carolina.

4. Upon information and belief, Defendant CANSTAR is a corporation organized and existing under the laws of the state of Florida with its principal place of business in Miami, Florida.

5. Upon information and belief, Defendant CAM-KAT is a corporation organized and existing under the laws of the state of Illinois with its principal place of business in Franklin Park, Illinois.

6. Upon information and belief, Defendant Mashour "Mike" Dukum is an individual residing in the state of Illinois and is an officer of Defendant ELSTON.

7. Upon information and belief, Defendant Ibrahim Dukum is an individual residing in the state of Illinois and an employee of Defendant ELSTON.

8. Upon information and belief, Defendant David Dukum is an individual residing in the state of Illinois and an employee of Defendant ELSTON.

## JURISDICTION AND VENUE

9. This Court possesses subject matter diversity jurisdiction over this dispute pursuant to 28 U.S.C. §1332(a), inasmuch as the amount in controversy exceeds $75,000 exclusive of interest and costs, and the dispute is between citizens of different States.

10. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391(b)(1) and (b)(2). Defendant ELSTON entered into a contract of insurance with CAPITOL

in this judicial district, and performed acts or omissions giving rise to CAPITOL's claims for declaratory judgment within this district.

11. This court has personal jurisdiction over each of the Defendants on the grounds that they reside in and/or conduct business within the state of Illinois.

12. An actual controversy exists between CAPITOL and the defendants. This Court is invested with the power to declare the rights and liabilities of the parties pursuant to 28 U.S.C. §1332 and 28 U.S.C. §2201.

## THE UNDERLYING ACTION

12. On or about July 9, 2003, LORILLARD filed a complaint against ELSTON in the United States District Court for the Northern District of Illinois, Eastern Division, captioned: *Lorillard Tobacco Company, a Delaware corporation, Plaintiff, v. Elston Self Service Wholesale Groceries, Inc, and Illinois corporation, Defendant, Civil Action No. 03C-475-3,"* (the "Underlying Action"). The case is assigned to Judge Gottschall. A copy of the Underlying Complaint is attached hereto as Exhibit 1.

13. On or about July 15, 2004, LORILLARD filed an Amended Complaint naming as additional defendants MASHHOUR DUKUM a/k/a MIKE DUKUM, IBRAHIM DUKUM and DAVID DUKUM, individuals. A copy of the Underlying Amended Complaint is attached hereto as Exhibit 2.

14. The Underlying Action as alleged in the Underlying Amended Complaint is an eight count action for: **Count I**: Trademark Counterfeiting and Infringement in violation of the Trademark Act of 1946, 15 U.S.C. §1114(1); **Count II**: Unfair Competition and False Designations of Origin and False and Misleading Representations in violation of the Trademark Act of 1946, 15 U.S.C. §1125(a); **Count III**: Trademark Dilution in violation of the Trademark

3

Act of 1946, 15 U.S.C. §1125(c); **Count IV**: State Trademark Dilution in violation of 765 ILCS §1036 *et. seq.*; **Count V**: Common Law Unfair Competition; **Count VI**: Statutory Deceptive Trade Practice in violation of 765 ILCS §510/2 *et. seq.*; **Count VII**: Common Law Fraud; **Count VIII**: Inducement to Commit Fraud.

14. The Underlying Action alleges that Defendants sold and offered for sale counterfeit cigarettes protected by LORILLARD's federal trademark registrations for "NEWPORT®" cigarettes.

15. The Underlying Action further alleges that Defendants knowingly and willfully committed "buydown fraud" by manipulating and padding the computerized reporting system to Lorillard and by participating in a NEWPORT® re-circulation scheme with other retailers. Exh. 2 at 6-8.

16. The Underlying Action further alleges that Defendants induced and conspired with others to commit fraud by providing retailers with false invoices and by conspiring with retailers to re-circulate previously "boughtdown" NEWPORT® cigarettes. Exh. 2, ¶¶ 75-6.

17. A Third Party Complaint was filed on or about March 25, 2004 by Defendant ELSTON against Third Party Defendants CANSTAR and CAM-KAT, alleging that all of the allegedly counterfeit cigarettes at issue were purchased from the Third Party Defendants. A copy of the Third Party Complaint is attached hereto as Exhibit 3.

18. Defendant ELSTON filed an answer to Plaintiff's Complaint in the Underlying Action on or about November 6, 2003.

## THE INSURANCE POLICY

19. Plaintiff CAPITOL and Defendant ELSTON entered into a contract of insurance for Business Owner's Liability Coverage for a one-year period commencing on July 14, 2002. A

4

certified copy of CAPITOL Policy No. BP00044456 ("The Policy") is attached hereto as Exhibit 4.

    20.    The Policy provides certain Business Owner's Liability Coverage, subject to all of the limits, declarations, endorsements and exclusions set forth, attached to or incorporated into the policy.

    21.    In relevant part, the Business Owner's Liability Coverage Form of The Policy states:

> **A. Coverages**
>     **1. Business Liability**
>         \*   \*   \*
>         (b) This insurance applies:
>             \*   \*   \*
>             (2) To:
>                 (a) "Personal injury" caused by an offense arising out of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you;
>                 (b) "Advertising injury" caused by an offense committed in the course of advertising your goods, products or services;
>             but only if the offense was committed in the "coverage territory" during the policy period.

(Exh. 4, page 1 of 15).

    22.    In relevant part, The Policy contains the following exclusion:

> **B. Exclusions**
>     **1. Applicable To Business Liability Coverage**
>     This insurance does not apply to:
>         \*   \*   \*
>     (p) **Personal Or Advertising Injury**
>         "Personal injury" or "advertising injury":
>         (1) Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

5

  (2) Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

   \*   \*   \*

(Exh. 4, page 6 of 15).

 23. In relevant part, The Policy contains the following definitions:

  **F. Liability And Medical Expenses Definitions**
   1. "Advertising injury" means injury arising out of one or more of the following offenses:
    (a) Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
    (b) Oral or written publication of material that violates a person's right of privacy;
    (c) Misappropriation of advertising ideas or style of doing business; or
    (d) Infringement of copyright, title or slogan.

(Exh. 4, page 11 of 15).

 24. In relevant part, The Policy further provides:

  **F. Liability And Medical Expenses Definitions**
   \*   \*   \*
   13. "Personal injury" means injury, other than "bodily injury", arising out of one or more of the following offenses:
    (a) False arrest, detention or imprisonment;
    (b) Malicious prosecution;
    (c) The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, by or on behalf of its owner, landlord or lessor;
    (d) Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or
    (e) Oral or written publication of material that violates a person's right of privacy.

(Exh. 4, pages 13 and 14 of 15).

 25. In relevant part, The Policy includes the following exclusion:

  **EXCLUSION – PUNITIVE OR STATUTORY DAMAGES**

This form changes the policy terms as follows:
**BUSINESSOWNERS LIABILITY COVERAGE FORM**
The following is added to Paragraph **B.1.**
This policy covers only compensatory damages. It does not cover:

1. Punitive damages except that if a suit shall have been brought against the insured with respect to a claim for acts or alleged acts falling within the coverage hereof, seeking both compensatory and punitive or exemplary damages, then the company will afford a defense to such action without liability, however, for such punitive or exemplary damages;

2. Exemplary; or

3. Statutory damages (such as multiple damages, costs, expenses or attorneys fees).

Exh. 4, Form CBP 179 (12-00).

26. On May 5, 2004, Plaintiff CAPITOL notified Defendant ELSTON, via certified mail, that it disclaimed any duty to indemnify or defend ELSTON in the Underlying Lawsuit.

## COUNT I

### THE UNDERLYING LAWSUIT DOES NOT CONTAIN ANY ALLEGATIONS THAT COULD PROPERLY CONSIDERED AN *"ADVERTISING INJURY CAUSED BY AN OFFENSE COMMITTED IN THE COURSE OF ADVERTISING. . ."* WITHIN THE MEANING OF INSURING AGREEMENT A.1.b.(2).(b) OF THE POLICY

27. CAPITOL re-alleges and incorporates by reference, as if fully set forth herein, paragraphs 1- 26 above.

28. The Underlying Lawsuit seeks redress for certain injuries to LORILLARD, which cannot properly be considered "advertising injury" within the meaning of Insuring Agreement A.1.b.(2).(b) of The Policy.

29. Insuring Agreement A.1.b.(2).(b) of The Policy provides coverage for

"advertising injury" caused by an offense committed in the course
of advertising your goods, products or services;

7

30. The Underlying Lawsuit does not contain any allegations that Defendant ELSTON was "in the course of advertising [LORILLARD'S] goods" or that the Defendants ever "advertised" the subject goods in connection with any of the allegedly fraudulent schemes or actions.

31. Allegations contained in the Underlying Amended Complaint, which include selling counterfeit goods, using the marks of genuine goods, purchasing and reselling genuine goods, falsely inflating reports, falsely inflating invoices, and conspiring to re-circulate genuine goods, without more, do not state a claim for an "advertising injury caused by an offense committed in the course of advertising" within the meaning of Insuring Agreement A.1.b.(2).(b) of The Policy.

32. Because the Underlying Lawsuit does not state a claim for an "advertising injury caused by an offense committed in the course of advertising" within the meaning of Insuring Agreement A.1.b.(2).(b) of The Policy, CAPITOL has no obligation to defend or indemnify Defendant ELSTON or its officers or employees in the Underlying Lawsuit.

WHEREFORE, Plaintiff CAPITOL Indemnity Insurance Company respectfully requests that this Court:

A. Determine the rights and obligations of the parties under the CAPITOL policy at issue;

B. Find that the Underlying Lawsuit states no claims that are included within the language of Insuring Agreement A.1.b.(2).(b) of The Policy and that CAPITOL therefore has no duty to defend or indemnify any party in the Underlying Lawsuit; and

C. Grant all other relief that the Court deems just and proper.

## COUNT II

## THE UNDERLYING LAWSUIT DOES NOT CONTAIN ANY ALLEGATION THAT COULD BE PROPERLY CONSIDERED "PERSONAL INJURY" WITHIN THE MEANING OF INSURING AGREEMENT A.1.b.(2)(a) OF THE POLICY

33. CAPITOL realleges and incorporates by reference, as if fully set forth herein, paragraphs 1- 32 above.

34. The Underlying Lawsuit seeks redress for certain injuries to LORILLARD, which cannot properly be considered "personal injury" within the meaning of Insuring Agreement A.1.b.(2).(a) of The Policy, which provides coverage for: ' "Personal injury" caused by an offense arising out of your business,' . . . .

35. Section F.13 of The Policy defines personal injury as injury arising out of the following offenses: false arrest, malicious prosecution, wrongful eviction, slander, libel or disparagement, or violation of privacy.

36. The Underlying Lawsuit does not contain any allegations that Defendant ELSTON ever committed false arrest, malicious prosecution, wrongful eviction, slander, libel or disparagement, or violation of privacy.

37. Because the Underlying Lawsuit does not state a claim for "personal injury" within the meaning of Insuring Agreement A.1.b.(2).(a) of The Policy, CAPITOL has no obligation to defend or indemnify Defendants in the Underlying Lawsuit.

WHEREFORE, Plaintiff CAPITOL Indemnity Insurance Company respectfully requests that this Court:

A. Determine the rights and obligations of the parties under the CAPITOL policy at issue;

9

B.   Find that the Underlying Lawsuit states no claims that are included within the language of Insuring Agreement A.1.b.(2).(a) of The Policy and that CAPITOL therefore has no duty to defend or indemnify any party in the Underlying Lawsuit; and

C.   Grant all other relief that the Court deems just and proper.

## COUNT III

### THERE IS NO COVERAGE FOR ANY OF THE COUNTS OF PLAINTIFF'S AMENDED COMPLAINT BECAUSE EACH AND EVERY COUNT ALLEGES "INTENTIONAL ACTS" OR "FALSE PUBLICATIONS"

38.   CAPITOL re-alleges and incorporates by reference, as if fully set forth herein, paragraphs 1- 37 above.

39.   Although CAPITOL alleges in Counts I and II herein that there is no coverage for claims stated in The Underlying Lawsuit under either "advertising injury" or "personal injury" coverage, should the court find otherwise, CAPITOL hereby pleads in the alternative that both Illinois Public Policy and the exclusion contained in Section B.1.p. of the policy preclude coverage for each and every Count of Plaintiff's Amended Complaint, insofar as they are all based on allegations of intentional or knowingly false conduct..

40.   Section B.1.p. of The Policy excludes coverage for personal injury or advertising injury "[a]rising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;"

41.   In the section captioned "FACTS-COUNTERFEITING" of the Underlying Amended Complaint, LORILLARD alleges Defendants offered for sale counterfeit products "with the intent to confuse or mislead the public into believing that [ELSTON's] products are genuine Lorillard products . . . ." Exh. 2, ¶ 15.

10

42. In the section captioned "FACTS - BUYDOWN FRAUD" of the Underlying Amended Complaint LORILLARD alleges that Defendants "Knowingly and willfully manipulate[d] the computerized reporting system to 'pad' retailers' invoices." Exh. 2, ¶¶ 22-24.

43. In the section captioned "FACTS – BUYDOWN FRAUD" of the Underlying Amended Complaint, LORILLARD alleges that Defendants engaged in "another type of fraud" involving re-circulating cartons of cigarettes subject to LORILLARD's buydown promotion. Exh. 2, ¶ 25.

44. Count I of The Underlying Amended Complaint (TRADEMARK COUNTERFEITING AND INFRINGEMENT) alleges that Defendant ELSTON's conduct "is *intended* to exploit the goodwill and reputation associated with the Lorillard Marks . . . *by a strategy of willful infringement*." Exh. 2, ¶ (emphasis added).

45. Count II of the Underlying Amended Complaint (UNFAIR COMPETITION AND FALSE DESIGNATIONS OF ORIGIN AND FALSE AND MISLEADING REPRESENTATIONS) repeats the allegations of all prior paragraphs of the Underlying Amended Complaint. Exh. 2, ¶ 35.

46. Count III of the Underlying Amended Complaint (TRADEMARK DILUTION) repeats the allegations of all prior paragraphs of the Underlying Amended Complaint, and further alleges that Defendants engaged in certain acts "*with the intent* to trade on Lorillard's reputation or to cause dilution of the famous Lorillard Marks." Exh. 2, ¶ 42 (emphasis added).

47. Count IV of the Underlying Amended Complaint (STATE TRADEMARK DILUTION) repeats the allegations of all prior paragraphs of the Underlying Amended Complaint. Exh. 2, ¶ 46.

48. Count V of the Underlying Amended Complaint (COMMON LAW UNFAIR COMPETITION) repeats the allegations of all prior paragraphs of the Underlying Amended Complaint, and further alleges that Defendants' "use of the Lorillard Marks is being done with the intent to palm off its counterfeit cigarettes as [genuine]." Exh. 2, ¶ 52.

49. Count VI of the Underlying Amended Complaint (STATE DECEPTIVE TRADE PRACTICE) repeats the allegations of all prior paragraphs and further alleges has *willfully engaged* in the deceptive trade practices," Exh. 2, ¶ 61 (emphasis added); that Defendant ELSTON's acts "constitute the use and/or employment of deception, fraud, false pretense, false promise, misrepresentation and/or the concealment, suppression of a material facts, with *an intent* that others rely upon the concealment, suppression or omission of such material fact." Exh. 2, ¶ 60 (emphasis added).

50. Count VII of the Underlying Amended Complaint (COMMON LAW FRAUD) repeats the allegations of all prior paragraphs and further alleges that Defendants "falsely inflated their reports of NEWPORT® cigarettes." Exh. 2, ¶ 69.

51. Count VIII of the Underlying Amended Complaint (INDUCEMENT TO COMMIT FRAUD) repeats the allegations of all prior paragraphs and further alleges that "Defendants have aided and abetted various retailers to defraud Lorillard's buydown program," (Exh. 2, ¶ 75); that Defendants further conspired to recirculate previously "boughtdown cartons of cigarettes; (Exh. 2, ¶ 76); and that Defendants induced others to defraud Lorillard. Exh. 2, ¶ 77.

52. Because each Count in the Underlying Amended Complaint relies on allegations of intentional or willful conduct, each Count of the Underlying Amended Complaint constitutes a claim for an injury intentionally inflicted by Defendants, coverage for these claims would be

12

contrary to Illinois Public Policy; therefore, CAPITOL has no obligation to defend or indemnify ELSTON or its officers or employees in the Underlying Lawsuit.

53. Because each Count in the Underlying Lawsuit constitutes a claim arising out of an oral or written publication by Defendants "with knowledge of its falsity" within the meaning of Section B.1. p. of The Policy, CAPITOL has no obligation to defend or indemnify ELSTON or its officers or employees in the Underlying Lawsuit.

WHEREFORE, Plaintiff CAPITOL Indemnity Insurance Company respectfully requests that this Court:

A. Determine the rights and obligations of the parties under the CAPITOL policy at issue;

B. Find that the Underlying Lawsuit states claims that are excluded by the language of section B.1. p. of The Policy and that CAPITOL therefore has no duty to defend or indemnify any party in the Underlying Lawsuit; and

C. Grant all other relief that the Court deems just and proper.

## COUNT IV

### THERE IS NO COVERAGE UNDER THE POLICY FOR PUNITIVE OR STATUTORY DAMAGES

54. CAPITOL re-alleges and incorporates by reference, as if fully set forth herein, paragraphs 1- 53 above.

55. Although CAPITOL alleges in Counts I, II ,III and IV herein that there is no coverage for claims stated in The Underlying Lawsuit, should the court find otherwise, CAPITOL hereby pleads in the alternative that the exclusion contained in Form CBP 179 (12-00) of the policy precludes coverage for any punitive or statutory damages claimed in the Underlying Lawsuit.

13

56. Form CBP 179 (12-00) of The Policy states in relevant part as follows: "This policy covers only compensatory damages. It does not cover: 1. Punitive damages . . . ; 2. Exemplary; or 3. Statutory damages (such as multiple damages, costs, expenses or attorneys fees)."

57. The Underlying Amended Complaint prays for judgment against Defendant ELSTON, including a request for attorneys fees (Exh. 2, ¶ 81); treble damages (Exh. 2, ¶ 82); statutory damages (Exh. 2, ¶ 83), and punitive damages (Exh. 2, ¶ 86).

WHEREFORE, Plaintiff CAPITOL Indemnity Insurance Company respectfully requests that this Court:

A. Determine the rights and obligations of the parties under the CAPITOL policy at issue;

B. Find that the Underlying Lawsuit states claims that are excluded by the language of Form CBP 179 (12-00) of The Policy and that CAPITOL therefore has no duty to indemnify any party for any such claims in the Underlying Lawsuit; and

C. Grant all other relief that the Court deems just and proper.

## COUNT V

### THERE IS NO COVERAGE UNDER THE POLICY FOR EQUITABLE RELIEF SOUGHT BY LORILLARD

58. CAPITOL re-alleges and incorporates by reference, as if fully set forth herein, in paragraphs 1-57 above.

59. Although CAPITOL alleges in Counts I, II, and III herein that there is no coverage for claims stated in The Underlying Lawsuit, should the court find otherwise, CAPITOL hereby pleads in the alternative that the provisions contained in Section B.1.o. and

A.1.a. of the policy precludes coverage for any equitable damages claimed in the Underlying Lawsuit.

60. Section B.1.o. of The Policy excludes coverage for:

"[d]amages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:
    (1) "your product";
        \*    \*    \*
if such product, . . . is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, in adequacy or dangerous condition in it.

61. In addition, Section A.1.a. of The Policy provides coverage for only "those sums that the insured becomes legally obligated to pay *as damages*." (emphasis added).

62. The Underlying Amended Complaint requests that Defendants "be required to deliver to Lorillard for destruction all goods, packages, and any other written or printed material that bear or depict the Lorillard Marks, or any reproduction, counterfeit, copy, or colorable imitation of the same, or anything other than genuine Lorillard cigarettes, or that are otherwise in violation of this Court's order issued pursuant hereto, and all means for making the same." Exh. 2, ¶ 79.

63. The Underlying Amended Complaint also requests injunctive relief for preliminary and permanent restraint (Exh. 2, ¶ 78); delivery of infringing goods for destruction (Exh. 2, ¶ 79); accounting for profits (Exh. 2, ¶ 80) and disgorgement (Exh. 2, ¶ 84).

64. The Policy does not provide coverage for those requests contained in the Underlying Amended Complaint for equitable relief other than monetary damages under Section B.1.o. and A.1.a. of The Policy.

WHEREFORE, Plaintiff CAPITOL Indemnity Insurance Company respectfully requests that this Court:

15

A. Determine the rights and obligations of the parties under the CAPITOL policy at issue;

B. Find that the Underlying Lawsuit states requests for relief that are not covered by the language of Section A.1.a. or Section B. 1.o. of The Policy and that CAPITOL therefore has no duty to indemnify any party for any such claims in the Underlying Lawsuit; and

C. Grant all other relief that the Court deems just and proper.

## COUNT VI

## THERE IS NO COVERAGE UNDER EXCLUSION P.2 OF THE POLICY

65. CAPITOL re-alleges and incorporates by reference, as if fully set forth herein, in paragraphs 1-64 above.

66. Although CAPITOL alleges in Counts I, II, and III herein that there is no coverage for claims stated in The Underlying Lawsuit, should the court find otherwise, CAPITOL hereby pleads in the alternative that the provisions contained in Exclusion p. 2. of the policy precludes coverage for any and all claims made against the insureds in the Underlying Lawsuit.

67. Section p. (2) of The Policy excludes coverage for:

Personal of Advertising injury:

Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

68. Although CAPITOL alleges in Counts I, II, and III herein that there is no Personal of Advertising Injury coverage for claims stated in The Underlying Lawsuit, in the alternative, CAPITOL alleges that in the event this court finds otherwise, any such Personal or Advertising

16

Injury arose out of oral or written publication of material whose first publication took place prior to July 12, 2003.

WHEREFORE, Plaintiff CAPITOL Indemnity Insurance Company respectfully requests that this Court:

A. Determine the rights and obligations of the parties under the CAPITOL policy at issue;

B. Find that the Underlying Lawsuit states requests for relief that are excluded by the language of Exclusion p. (2) of The Policy and that CAPITOL therefore has no duty to defend or indemnify any party for any such claims in the Underlying Lawsuit; and

C. Grant all other relief that the Court deems just and proper.

Capitol Indemnity Corporation

s/ David J. Adams
By: David J. Adams, one of its attorneys

| | |
|---|---|
| Attys | John G. Pfeiffer |
| | David J. Adams |
| | Margie P. White |
| Of | Pfeiffer & Adams |
| Atty for | Plaintiff, Capitol Indemnity Corporation |
| Address | 300 West Adams St., Ste. 601 |
| City | Chicago, Illinois 60606 |