IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAPITOL INDEMNITY CORPORATION, a Wisconsin corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 04 C 6536 ) |
| ELSTON SELF SERVICE WHOLESALE GROCERIES, INC., an Illinois corporation, LORILLARD TOBACCO COMPANY, a Delaware corporation, CANSTAR (U.S.A.) INC., a Florida corporation, CAM-KAT, INC., an Illinois corporation, MASHOUR "MIKE" DUKUM, IBRAHIM DUKUM, and DAVID DUKUM, | ) Judge Pallmeyer ) ) Magistrate Judge Levin ) ) ) ) ) ) |
| Defendants. | ) ) |

## MOTION FOR PARTIAL SUMMARY JUDGMENT

NOW COME the Defendants/Counterplaintiffs, Elston Service Wholesale Groceries, Inc., Mashour "Mike" Dukum, Ibrahim Dukum, and David Dukum, by and through their attorneys, Cheely, O'Flaherty, & Ayres, and move this honorable Court for summary judgment on the issue of Plaintiff/Counterdefendant, Capitol Indemnity Corporation's duty to defend the underlying suit filed by Lorillard Tobacco Co. In support, Movants incorporate their Memorandum of Law and Local Rule 56.1 (a)(3) statement and state as follows:

1.  Capitol's Complaint and Elston's Counterclaim both seek a declaration as to Capitol's duty to provide a defense to Elston with respect to an underlying trademark infringement Complaint filed by Lorillard Tobacco Co. That underlying complaint and the insurance policy at issue are attached as exhibits to Capitol's Third Amended

Complaint for Declaratory Judgment, and Elston has admitted that those documents are true and accurate. (Movants Rule 56.1(a)(3) Statement, paragraph 10-26).

2. On October 11, 2006, this Court ruled on Elston's previously filed Motion for Judgment on the Pleadings, denying the same without prejudice and requesting that the parties conduct some discovery as to the meaning of the phrase "copyright, title or slogan" as found in the Capitol policy, as evidenced by trade practice or dealings between the parties. (Transcript of Oct. 11, 2006 hearing attached hereto as Ex. A)

3. Movant requested that Capitol produce any such evidence, and Capitol has been unable to locate any evidence which defines or clarifies the meaning of the applicable policy provisions in a trademark violation context (Movant's Rule 56.1(a)(3) Statement, paragraph 30-31)

4. Under Illinois law the construction of an insurance policy is a question of law. *Lapham-Hickey Steel Corp v. Protection Mutual Insurance Co.* 166 Ill 2d 520, 529 (1995). Any ambiguities in a policy must be construed in favor of the insured and against the insurer who drafted the policy. *Millers Mutual Insurance Association v. Graham Oil Co.*, 282 Ill App. 3d 129, 134 (2d Dist 1996).

5. Under Illinois law, an insurer's duty to defend (i.e., pay the insured's legal bills in defending the underlying case) and duty to indemnify (i.e., pay for any adverse judgment against the insured in the underlying case) are separate and distinct issues. An insurer's duty to defend is much broader than its duty to indemnify. *Millers Mutual* at 134. A declaration on Capitol's duty to indemnify is premature pending a judgment in the underlying case as to what relief, if any, may be awarded. *Pipefitter's Welfare Educational Fund v. Westchester Fire Insurance Co.* 976 F.2d 1037, 1042 (7th Cir. 1993).

This Motion is directed solely to Capitol's duty to pay for Elston's defense of the underlying claim.

      6.      In determining a duty to defend, a court must compare allegations of the underlying complaint, construed liberally in favor of the insured, to the language of the policy. *Millers Mutual* at 134. If the allegations of the underlying complaint fall within *or potentially within,* the coverage of the policy, the duty to defend will arise. *Millers Mutual* at 134-135. Moreover, if the underlying complaint alleges several theories of recovery against the insured, the insurer will have a duty to defend even if only one such theory is within the potential coverage of the policy. *Millers Mutual* at 135.

      7.      As explained in Movant's Memorandum of Law, incorporated herein, the overwhelming weight of authority is that underlying claims for trademark infringement constitute "misappropriation of advertising ideas or style of doing business" and "infringement of copyright, title or slogan," requiring a duty to defend such claims.

      8.      Trade usage and the course of dealing between the parties hereto further evidences that such claims were intended to be covered by the Capitol policy. In *Central Mutual Ins. Co. v. Stunfence*, 292 F Supp. 2d 1072 (N.D. Ill. 2003), Judge Shadur examined the history of the Insurance Service Organization's (ISO's) drafting of the advertising injury coverage, noting that in 1998, ISO narrowed the definition of "advertising injury" from "infringement of copyright, title or slogan" to "infringing upon another's copyright trade dress or slogan in your advertisement," in reaction to the "clear trend in most courts to recognize that former "title" included trademark infringement claims." 292 F Supp. 1072, 1077 (N.D. Ill. 2003).

9. The instant policy was issued in 2002, several years after the ISO attempted to narrow the industry's definition of advertising injury; however, Capitol's policy continued to use the broad pre 1998 ISO "infringement of copyright, title or slogan" language in the policy at issue in this case. (56.1 (a)(3) statement, paragraph 23, 26).  This failure to amend its policy evidences that Capitol intended to be bound by the pre 1998 ISO language and the majority rule that said language encompasses trademark violation claims such as that filed by Lorillard.

10. Capitol has been unable to locate any evidence which defines or clarifies advertising injury provision of its policy in relation to trademark violation claims (56.1(a)(3) statement, paragraph 30-31).

11. Where, as here, little reported Illinois authority exists on the precise issue, this Court should look to the law of other jurisdictions and follow the better reasoned majority rule finding a duty to defend the instant trademark violation claim. *Flodine v. State Farm*, 2001 WL 204786 at p. 5 (N.D. Ill. 2001).  Especially given the broad duty to defend under Illinois law, that majority rule mandates a declaration from this Court that Capitol owes Elston a duty to defend the underlying Lorillard case.

12. The determination of Capitol's duty to defend is a question of law, to be determined by comparing the underlying complaint to the Capitol policy.  Any question this Court had or has regarding the applicability of Capitol's policy to the underlying case, *a fortiori*, means that the underlying case is *potentially* covered by Capitol policy and must thereafter be defended under Illinois law. *Winkelvoss Consultants, Inc. v. Federal Insurance Co.* 991 F Supp. 1024 (N.D. Ill. 2007).  The evidence before the Court

warrants that this Court enter partial summary judgment declaring that Capitol owes a duty to defend the underlying Lorillard complaint.

WHEREFORE, Movants pray that this Court enter judgment declaring that, as a matter of law, Capitol owes a duty to defend the underling complaint.

Respectfully submitted,

By:
 _s/ Steve Ayres_____
One of the Attorneys for
Defendants/Counterplaintiffs

Stephen R. Ayres
CHEELY, O'FLAHERTY & AYRES
19 South LaSalle Street, Suite 1203
Chicago, IL 60603
(312) 853-8719

P:\2207-001\24400