IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAPITOL INDEMNITY CORPORATION, a Wisconsin corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 04 C 6536 ) |
| ELSTON SELF SERVICE WHOLESALE GROCERIES, INC., an Illinois corporation, LORILLARD TOBACCO COMPANY, a Delaware corporation, CANSTAR (U.S.A.) INC., a Florida corporation, CAM-KAT, INC., an Illinois corporation, MASHOUR "MIKE" DUKUM, IBRAHIM DUKUM, and DAVID DUKUM, | ) Judge Pallmeyer ) ) Magistrate Judge Levin ) ) ) ) ) ) ) |
| Defendants. | ) |

## **DEFENDANTS' LOCAL RULE 56.1 (a) (3) STATEMENT**

NOW COME the Defendants, by and through their attorneys, Cheely O'Flaherty, and Ayres, and submit this Local Rule 56.1 (a) (3) Statement of Material Facts as to which there is no genuine issue and that entitle Defendants to judgment on a matter of law:

## **THE PARTIES**

1. Plaintiff CAPITOL is a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business in Madison, Wisconsin. (Plaintiff's Third Amended Complaint, Ex. A.)

2. Defendant Elston is an Illinois corporation with a place of business at 3761 North Elston, Chicago, Illinois, at which it is also known as "Elston Self Service." (Plaintiff's Third Amended Complaint, Ex. A.)

3.   Defendant Mashour "Mike" Dukum is an individual residing in the state of Illinois and is an officer of Defendant ELSTON. (Plaintiff's Third Amended Complaint, Ex. A.).

4.   Defendant Ibrahim Dukum is an individual residing in the state of Illinois and an employee of Defendant ELSTON. (Plaintiff's Third Amended Complaint, Ex. A.).

5.   Defendant David Dukum is an individual residing in the state of Illinois and an employee of Defendant ELSTON. (Plaintiff's Third Amended Complaint, Ex. A.).

## JURISDICTION AND VENUE

6.   This Court subject matter diversity jurisdiction over this dispute pursuant to 28 U.S.C. §1332 (a), inasmuch as the amount in controversy exceeds $75,000 exclusive of interest and costs, and the dispute is between citizens of different States. (Plaintiff's Third Amended Complaint, Ex. A.).

7.   Venue is proper in the Norther District of Illinois pursuant to 28 U.S.C. §1391(b) (1) and (b) (2). Defendant ELSTON entered into a contract of insurance with CAPITOL in this judicial district, and performed acts of omissions giving rise to CAPITOL's claims for declaratory judgment within this district. (Plaintiff's Third Amended Complaint, Ex. A.).

8.   This court has personal jurisdiction over each of the Parties on the grounds that they reside in and/or conduct business within the state of Illinois. (Plaintiff's Third Amended Complaint, Ex. A.).

9.   An actual controversy exists between the Parties. This Court is invested with the power to declare the rights and liabilities of the parties pursuant to 28 U.S.C. §1332 and 28 U.S.C. §2201. (Plaintiff's Third Amended Complaint, Ex. A.).

## THE UNDERLYING ACTION

10. On or about July 9, 2003, LORILLARD filed a complaint against ELSTON in the United States District Court for the Northern District of Illinois, Eastern Division, captioned: *Lorillard Tobacco Company, a Delaware corporation, Plaintiff, v. Elston Self Service Wholesale Groceries, Inc., an Illinois corporation, Defendant, Civil Action No. 03C-475-3,* (the "Underlying Action"). (Exhibit 1 to Plaintiff's Third Amended Complaint, Ex. A.).

11. On or about July 15, 2004, LORILLARD filed an Amended Complaint naming as additional defendants MASHOUR DUKUM a/k/a MIKE DUKUM, IBRAHIM DUKUM and DAVID DUKUM, individuals. (Ex. 2 to Plaintiff's Third Amended Complaint, Ex. A.).

12. The Underlying Action as alleged in the Underlying Amended Complaint is an eight count action for: **Count 1**: Trademark Counterfeiting and Infringement in violation of the Trademark Act of 1946, 15 U.S.C. §1114(1); **Count II**: Unfair Competition and False Designations of Origin and False and Misleading Representations in violation of the Trademark Act of 1946, 15 U.S.C §1125(a); **Count III**: Trademark Dilution in violation of the Trademark Act of 1946, 15 U.S.C. §1125(c); Count IV: State Trademark Dilution in violation of 765 ILCS §1036 *et seq.;* **Count V:** Common Law Unfair Competition; **Count VI**: Statutory Deceptive Trade Practice in violateion of 765 ILCS §510/2 *et. seq.;* **Count VII**: Common Law Fraud; **Count VIII**: Inducement to Commit Fraud. (Ex. 2 to Plaintiff's Third Amended Complaint, Ex. A.).

13. The underlying Action alleges that Defendants sold and offered for sale counterfeit cigarettes protected by LORILLARD's federal trademark registrations for "NEW PORT®" cigarettes. (Ex. 2 to Plaintiff's Third Amended Complaint, Ex. A.).

14. The underlying complaint alleges that Lorillard is the fourth largest tobacco company in the United States, manufacturing and selling top quality branded cigarettes, and that all of Lorillard's cigarettes are manufactured in accordance with strict quality control standards, enabling Lorillard to establish and maintain, over many years, a reputation among smokers for quality and consistency. (Ex. 2 to Plaintiff's Third Amended Complaint, Ex. A.)

15 The underlying complaint alleges that Lorillard's leading brand is NEWPORT®, which was first introduced to the market in 1956. It further alleges that, since then, Lorillard has invested substantial time, effort and money in advertising and promoting cigarettes under the NEWPORT® mark throughout the United States. It goes on to say that, as a result of Lorillard's excellent reputation and investment in its brands, NEWPORT® cigarettes have become the leading brand of menthol cigarettes sold in the United States, and the second leading cigarette brand overall, with approximately eight percent of the national market, and that the NEWPORT® mark has come to represent an extremely valuable asset belonging exclusively to Lorillard. (Ex. 2 to Plaintiff's Third Amended Complaint, Ex. A.)

16. The underlying complaint alleges that to protect its company reputation and product investments, Lorillard has filed for and obtained federal trademark registrations for the marks NEWPORT® (Reg. No. 1,108,876), NEWPORT® (stylized) (reg. No. 2,600,870), LORILLARD® (Reg. No. 1,920,066), Spinnaker Design® (Reg.

No. 1,178,413), and NEWPORT and Design® (Reg. No. 1,191,816). (Ex. 2 to Plaintiff's Third Amended Complaint, Ex. A.)

17. The Underlying Complaint alleges that the Lorillard Marks have become famous. (Ex. 2 to Plaintiff's Third Amended Complaint, Ex. A.)

18. The Underlying Complaint alleges that Lorillard has a vast goodwill represented and symbolized in the Lorillard Marks and of the public recognition and reliance upon the Lorillard Marks as identifying authentic products of Lorillard and distinguishing Lorillard's products from the products of others. (Ex. 2 to Plaintiff's Third Amended Complaint, Ex. A.)

19. The Underlying Complaint alleges that Elston set upon a course of conduct to misappropriate the Lorillard Marks and goodwill associated with them, marketing and selling cigarettes with the NEWPORT® mark which were not in fact Newport cigarettes. (Ex. 2 to Plaintiff's Third Amended Complaint, Ex. A.)

20. The Underlying Complaint alleges that Defendant Elston offered for sale and selling counterfeit products bearing the Lorillard Marks, with the intent to confuse and mislead the public into believing that Defendant's products are genuine Lorillard products or have been sponsored or approved by Lorillard, and that, in fact, Elston's counterfeit products have not been manufactured, packaged, approved, or sold by Lorillard. The Underlying Complaint alleges that such actions of Defendant constitute the counterfeiting and infringement of the Lorillard Marks. (Ex. 2 to Plaintiff's Third Amended Complaint, Ex. A.)

21. The Underlying Complaint alleges that Lorillard has been damaged by Elston's wrongful use of the Lorillard Marks in that the purchasing public is likely to be

induced into purchasing Elston's goods in the erroneous belief that they are Lorillard's authentic goods or that Defendant's goods are endorsed, sponsored, or approved by Lorillard, which they are not. (Ex 2 to Plaintiff's Third Amended Complaint, Ex. A.)

22. The Underlying Complaint alleges that Elston has profited from their wrongful conduct by selling cigarettes to persons in the United States who otherwise would have bought genuine NEWPORT® brand cigarettes manufactured by Lorillard. (Ex. 2 to Plaintiff's Third Amended Complaint, Ex. A.)

## THE INSURANCE POLICY

23. Plaintiff CAPITOL and Defendant ELSTON entered into a contract of insurance for Business Owner's Liability Coverage for a one-year period commencing on July 14, 2002. A certified copy of CAPITOL Policy No. BP00044456 ("The Policy") is attached as Exhibit 4 to Plaintiff's Third Amended Complaint, Ex. A.

24. The Policy provides certain Business Owner's Liability Coverage, subject to all of the limits, declarations, endorsements and exclusions set forth, attached to or incorporated into the policy. (Ex. 4 to Plaintiff's Third Amended Complaint, Ex. A.).

25. In relevant part, the Business Owner's Liability Coverage Form of The Policy states:

> **A. Coverages**
>   **1. Business Liability**
>     \*   \*   \*
>   **(b)** This insurance applies:
>     \*   \*   \*
>   (2) To:
>     (a) "Personal injury" caused by an offense arising out of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you;

> (b) "Advertising injury" caused by an offense committed in the course of advertising your goods, products or services; but only if the offense was committed in the "coverage territory" during the policy period.

(Exh. 4 to Plaintiff's Third Amended Complaint , Ex.A., page 1 of 15).

26. In relevant part, The Policy contains the following definitions:

> **F. Liability And Medical Expenses Definitions**
> 1. "Advertising injury" means injury arising out of one or more of the following offenses:
> > (a) Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
> > (b) Oral or written publication of material that violates a person's right of privacy;
> > (c) Misappropriations of advertising ideas or style of doing business; or
> > (d) Infringement or copyright, title or slogan.

(Exh. 4 to Plaintiff's Third Amended Complaint, Ex. A. page 11 of 15).

27. On May 5, 2004, Plaintiff CAPITOL notified Defendant ELSTON, via certified mail, that it disclaimed any duty to indemnify or defend ELSTON in the Underlying Lawsuit. (Plaintiff's Third Amended Complaint, Ex. A.)

28. On February 1, 2007, Elston served the attached Request to Admit on Capitol in this Case. (Ex. B).

29. Capitol has not responded to said Request to Admit.

30. Capitol has conducted a diligent search of the documents in its possession or control and has been unable to locate at this time any documents which define or clarify the meaning of the following phrases as found in the "advertising injury" coverage

contained in the policy at issue, or the applicability of that "advertising injury" coverage to the underlying complaint which is the subject of this lawsuit:

    a.    "misappropriation of advertising ideas or style of doing business"

    b.    "infringement of copyright, title or slogan"

    c.    "advertising injury caused by an offense committed in the course of advertising your goods, products or services" (Ex. B)

    31.    Capitol has conducted a diligent search of documents in its possession or control and has been unable to locate any documents which explain or clarify that the packaging and labeling of a product such as cigarettes cannot constitute "misappropriation of advertising ideas or style of doing business" or "infringement of copyright, title or slogan" "committed in the course of advertising your goods, products or services" under the policy. (Ex. B)

    Respectfully submitted,

By:
s/ Steve Ayres_____
One of the Attorneys for
Defendants/Counterplaintiffs

Stephen R. Ayres
CHEELY, O'FLAHERTY & AYRES
19 South LaSalle Street, Suite 1203
Chicago, IL 60603
(312) 853-8719

P:\2207-001\24631